[No. 5055.  Decided January 17, 1905.]

MARSTON TEBBETTS, *as Receiver of the Blue Star
Navigation Company, Respondent,* v. NORTHERN
COMMERCIAL COMPANY, *Appellant.*[1]

CONVERSION—DEFENSES—VENDEE OF PROPERTY WRONGFULLY CON-
VEYED — ASSUMPTION OF VENDOR'S OBLIGATIONS — PLEADINGS —
AMENDMENTS.  In an action to recover the value of a building
which had been converted by a third party and sold to the de-
fendant, who refused on demand to return it or pay its value, it
is not error to refuse to permit the defendant to amend its answer
to show that it had not assumed the obligations of its vendor,
since such fact was immaterial and no defense to the action.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered October 5, 1903, upon a
verdict of the jury rendered in favor of the plaintiff in
an action of conversion.  Affirmed.

*Hugh A. Tait* and *John G. Gray,* for appellant.
*Charles E. Patterson,* for respondent.

PER CURIAM.—The respondent instituted this action
to recover from the appellant the value of a certain build-
ing, which he alleged in his complaint belonged to the
corporation of which he was receiver, and which a cor-
poration known as the Alaska Exploration Company had
wrongfully and without right torn down and appropri-
ated, and afterwards conveyed to the appellant.  It was
also alleged that demand for the return of the property
or its value had been made upon the appellant, and that
it had refused to either return the property or pay its
value.  The appellant, for answer, admitted the taking
of the property by its predecessor in interest, and a con-
veyance of the property to it, and set out some four sepa-

1Reported in 79 Pac. 203.

rate defenses, in each of which it alleged the taking and appropriation of the property, but sought to justify such taking and appropriation by facts therein set out. Issue was taken on the facts sought to show justification, and a trial of such issue entered upon before a jury. During the course of the trial, and after the respondent had rested his case, the appellant asked to be permitted to amend its answer so as to deny an allegation of the complaint to the effect that it had assumed the obligations of the Alaska Exploration Company, an allegation which it had admitted in its answer as filed. The request was denied, and this denial constitutes the sole error assigned on this appeal.

In our opinion there was no error in the ruling of the trial court. It appears from the record that the Alaska Exploration Company wrongfully and without consent of the owner took possession of, and appropriated to its own use, a building belonging to the corporation of which the respondent is receiver; that it sold the building to the appellant; and that the appellant entered into possession of it, and refused to deliver it up or pay its value to the respondent, on demand being made upon it therefor. This being true, the question whether or not the appellant assumed the obligations of the Alaska Exploration Company is immaterial. As that company came wrongfully into possession of the building, it could give no rightful possession to the appellant. It was the appellant's duty, therefore, to deliver up the building on the demand of the respondent, and, refusing to do so, it became liable as for its own wrong.

The judgment should be affirmed, and it is so ordered.